95 241
105 231

## AARON HATHAWAY AND JOHN A. LINDSLEY v. FRANK JUDIE.

### *Sale—Agency—Evidence.*

This case involves the alleged sale of a quantity of lumber to the defendant. And it is held that the question should have been submitted to the jury.

Error to Cass. (O'Hara, J.) Submitted on briefs February 15, 1893. Decided April 7, 1893.

95 MICH.—16.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Charles E. Sweet* (*Howell & Carr*, of counsel), for appellants.

*F. J. Atwell*, for defendant.

LONG, J. This cause was commenced in justice's court, where plaintiffs had judgment. Defendant appealed to the circuit. On the trial there before a jury, the court directed a verdict in favor of the defendant.

The plaintiff firm was doing a lumber business at Decatur. The action was brought to recover for the value of 2,300 feet of hemlock lumber, valued at $23. The plaintiffs were represented at Decatur by Mr. Engle. On the day the sale was made for which the action is brought, Mr. Engle had put the business in charge of one James Van Hise, who was called as a witness, and testified substantially that Frank Judie, the defendant, came there, and wanted some lumber to build a shed for a picket mill. He looked at the lumber, said it was what he wanted, and witness told him he could have it for $10 per thousand. Judie said his cousin, C. E. Judie, was going to put up the picket mill, but that he was threshing, and had not collected his pay yet, and he came over to buy the lumber and put up the shed. Mr. Van Hise reported the matter to Mr. Engle when he returned. The witness was asked what he said to Mr. Engle about it. This was objected to, and the objection sustained, to which plaintiffs excepted. On cross-examination he further testified that the defendant did not select any particular lumber, but said he would send for the lumber in a few days, and that he was suited with that in the pile at which he looked. Mr. Engle was called, and asked what report

Van Hise made to him about the transaction, but the court, under objection, excluded the question. He testified that C. E. Jüdie called a few days after Van Hise reported the fact of defendant's being there; that C. E. Judie said he came for the lumber that Frank Judie had bought; that he measured off 1,500 feet from the pile Van Hise had said Judie wanted it from, which C. E. Judie took away, and witness charged it up to the defendant. C. E. Judie also took 800 feet more the next day, which Engle charged to the defendant. Engle told the parties that it was the lumber Frank Judie bought. The plaintiffs then rested their case. The defendant called no witnesses, whereupon the court directed the verdict in favor of the defendant.

We think the court was in error. The question was for the jury, under the circumstances here stated. The facts shown and the inferences to be drawn from them might properly lead to the conclusion that C. E. Judie was acting in behalf of the defendant in taking the lumber away. Defendant, while inspecting it, had pointed out what he wanted. He spoke of C. E. Judie in his talk with Van Hise, and promised to send for the lumber in a few days. When C. E. Judie came he said it was for the lumber the defendant had purchased.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.